# THE LAW OFFICE OF
# ELISA HYMAN, P.C.

March 28, 2024

**BY ECF**
Hon. J. Paul Oetken, United States District Judge
United States District Court - Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *H.W. v. New York City Dep't of Educ., et al.*, 23-cv-10585 (JPO)

Dear Judge Oetken:

      I am counsel for the Plaintiff in the above-referenced matter and am writing on behalf of both parties to respectfully request an adjournment of the initial case conference and corresponding Case Management Plan ("CMP").[1] ECF Nos. 10, 12. This is the parties' second request for an adjournment. ECF No. 11. The first request was granted. ECF No. 12.

      This action was brought by H.W. on behalf of herself and her minor child Z.W., a young student diagnosed with autism spectrum disorder ("ASD"), under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400, *et seq*., Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"), 42 U.S.C. § 1983 ("Section 1983"). *See* Complaint. ECF No. 1. For the 2020-2021, 2021-2022, and 2022-2023 school years ("SYs at Issue"), Z.W. attended a private preschool and kindergarten placement. In a Findings of Fact and Decision dated April 21, 2023, the hearing officer ("IHO") found that the DOE failed to establish that it provided Z.W. with a free appropriate public education ("FAPE"), as required by the IDEA for the three SYs at Issue. However, the IHO denied H.W. any relief for the 3-year denial of FAPE. Plaintiff H.W. appealed the IHO's decision to the State Review Officer ("SRO"). By decision dated August 4, 2023 ("SRO Decision"), the SRO denied H.W. any compensatory relief for the 3-year FAPE deprivation but awarded partial reimbursement for the insurance-funded, self-help applied behavior analysis ("ABA") that Z.W. received during the last SY at Issue.

      Plaintiff raises five categories of claims, which are intertwined. *See* Complaint, ECF No. 1. First, Plaintiff seeks review of the SRO Decision in SRO Appeal No. 23-096 and reversal of the portions of that decision that are adverse to her, including, *inter alia*, the denial of compensatory relief and full reimbursement ("Category I"). Second, Plaintiff raises systemic IDEA claims and individual and systemic claims pursuant to Section 504 and Section 1983 which allege, *inter alia*, (a) the DOE's policy of refusing to recommend after-school special education and related services ("Services") on Individualized Education Programs ("IEPs"); and (b) the DOE's refusal to recommend 1:1 instruction and ABA, and/or to recommend sufficient 1:1 instruction/ABA services on IEPs as needed for a FAPE ("Category II"). Third, Plaintiff seeks enforcement of the

---

[1] The parties respectfully request a *nunc pro tunc* extension of the CMP deadline, as the parties acknowledge that such a request should have been made two days prior to today's deadline pursuant to Your Honor's Individual Rules.

SRO Decision for the ordered reimbursement ("Category III"). Fourth, Plaintiff alleges that Defendants failed to provide Z.W. with his "stay-put" pendency placement during the SYs at Issue ("Category IV"). Finally, Plaintiff seeks attorney's fees and costs under the IDEA for work performed in connection with the hearings, the SRO appeal and this action ("Category V"). Plaintiff asserts that Category I claims were exhausted, some Category II claims were attempted to be exhausted, and the remainder of the claims do not need to be or cannot be exhausted administratively.

Defendants' position is that any purported deprivation of FAPE was not the result of systemic causes, nor did Defendants' conduct amount to discrimination on the basis of Z.W.'s disability. Moreover, the SRO was correct to have confirmed the IHO's award; the record reveals that H.W. did not inform the DOE of a change in Z.W.'s school as required by State regulations to receive funding.

The parties have engaged in preliminary discussions regarding the possibility of settlement and would like to explore further whether this matter could be resolved through settlement. To that end, Plaintiff intends to provide Defendants with a formal settlement demand no later than April 4, 2024. Defendants' counsel then needs time to review the demand and discuss it with his clients, and likely seek Comptroller authority before any settlement negotiations can begin.

Additionally, additional time is needed for Defendants to obtain the appeal record. Defendants will request the certified administrative record of SRO Appeal No. 23-096 from the Office of State Review ("OSR") no later than April 5, 2024. The OSR instructions for requesting the certified administrative record require the requesting party to specify whether the presiding judge would like to receive a certified hard copy or courtesy hard copy of the administrative record from the SRO. The parties respectfully request that Your Honor specify the Court's position on this matter so that counsel for Defendants may include the information in the request. It will then take the OSR at least 30 days to provide the administrative record.

Relatedly, pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, the parties respectfully request permission to file the administrative record under seal, with Bates stamping. The administrative record includes transcripts and exhibits from the administrative proceedings, which include educational and disability-related records that are replete with confidential information, including the name, date of birth, and other identifying information for minor student Z.W. This information should not be made public in compliance with Federal Rule of Civil Procedure 5.2(a). *See, e.g., M.T. v. New York City Dep't of Educ.*, No. 1:14-CV-10124-GHW, 2016 WL 1267794, at *2 n.2 (S.D.N.Y. Mar. 29, 2016) (noting under seal filing of administrative record in IDEA case); *J.W. v. New York City Dep't of Educ.*, 95 F. Supp. 3d 592, 597 n. 1 (S.D.N.Y. 2015) (same); *C.L. v. Scarsdale Union Free Sch. Dist.*, 913 F. Supp. 2d 26, 30 n. 2 (S.D.N.Y. 2012) (same).

For all these reasons, the parties respectfully request a 90-day adjournment of the initial conference and CMP in this case, to allow them time to explore settlement and to obtain the administrative record. The parties propose the submission of a status letter no later than June 26, 2024, reporting on the status of settlement and whether the case remains on a settlement track.

Thank you for the Court's attention to this matter and consideration of the parties' requests.

                                                Respectfully submitted,

                                                _____/s_____

                                                Erin O'Connor, Of Counsel
                                                The Law Office of Elisa Hyman, P.C.

cc:     **BY ECF**
         All Counsel of Record

---

The parties' request to adjourn the initial pretrial conference scheduled for April 2, 2024 at 11:00 a.m. is granted, and that conference is hereby adjourned sine die.

The parties are directed to file a joint status letter by June 26, 2024 reporting on the status of the case, at which point the Court will issue an order scheduling an initial pretrial conference if necessary.

The parties' request to file the administrative record under seal is also granted. The Clerk of Court is directed to permit the parties to file the administrative record under seal.

The Clerk is also directed to close the motion at ECF No. 13.

So ordered.

3/29/2024

---

_____
J. PAUL OETKEN
United States District Judge

3